UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MUKUNDA DEV MUKHERJEE,

    Petitioner,

v.                                      Case No. 04-50044
                                         Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
AND CERTIFYING SIXTH AMENDMENT ISSUE FOR APPEAL**

Mukunda Mukherjee is a prisoner currently confined by the Michigan Department of Corrections. On May 3, 2010, Mukherjee filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, challenging his convictions and sentence related to forty-four counts of illegal distribution of schedule II, III, and V controlled substances. Previously, on October 23, 2006, Mukherjee was sentenced to consecutive sentences on all forty-four counts, totaling 328 years in prison.

On April 29, 2013, this Court denied Mukherjee's motion to vacate his sentence, finding no constitutional violations to support his claims. Mukherjee then filed notice of appeal on May 22, 2013 along with a motion for leave to proceed *in forma pauperis* on appeal. That motion was denied seven days later. Mukherjee then paid the appeal fee of $455 on June 13, 2013.

Without missing a beat — in fact, the very next day — the Sixth Circuit remanded the case to this Court "for the sole purpose of determining whether to grant or deny a certificate of appealability" pursuant to Federal Rule of Appellate Procedure 22(b).

Of course, under the plain language of Rule 22(b)(2), "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request *addressed to the judges of the court*

*of appeals*." (emphasis added). Following this logical guide, the Sixth Circuit in *Johnson v. Bell*, 605 F.3d 333 (6th Cir. 2010), did not remand "to enable petitioner to file an application for a COA," but instead "construe[d] his appeal as such." *Id*. at 339. Although the circumstances here are identical, the Sixth Circuit has decided to remand the case without explanation.

On April 29, 2013, this Court denied Mukherjee's motion to vacate his sentence. The determination was based on a finding that Mukherjee's Sixth Amendment right to constitutionally sufficient representation had not been violated. However, United States Magistrate Judge Charles E. Binder came to a different conclusion in his report and recommendation. Thus, "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability will issue.

Accordingly, it is **ORDERED** that Mukherjee's motion for a certificate of appealability is **GRANTED**.

The Court **CERTIFIES** for appeal the issue of whether Mukherjee's Sixth Amendment right to effective counsel during plea negotiations was violated.

Dated: June 19, 2013                                       s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 19, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS