UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MUKUNDA DEV MUKHERJEE,

        Defendant.
_____/

Case No. 4:04-cr-50044-01

Honorable Thomas L. Ludington
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Currently before this Court is Defendant Mukunda Dev Mukherjee's Motion seeking a sentence reduction under the 2023 Criminal History Amendment, commonly referred to as Amendment 821 to the United States Sentencing Guidelines. For the reasons explained below, Defendant's Motion will be denied.

**I.**

Amendment 821 to the United States Sentencing Guidelines took effect on November 1, 2023. *See Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment (last visited Apr. 8, 2024) [https://perma.cc/4XU9-DJUP]. In part, Amendment 821 alters the application of the Guidelines for certain offenders who either (A) earned criminal history "status points" by committing the instant offense while serving another sentence ("Part A"); or (B) had zero criminal history points at the time of sentencing ("Part B"). *2023 Amendments in Brief*, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-inbrief/AIB_821R.pdf (last visited Apr. 8, 2024) [https://perma.cc/SA8N-ZFG7].

Before Amendment 821, U.S.S.G. § 4A1.1(e) provided that a defendant who committed

an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," would receive two additional criminal history status points. *Id.* Part A of Amendment 821 amended § 4A1.1 such that (1) a defendant who had six or less criminal history points would receive *no* additional criminal history points for committing an offense while under sentence; and (2) a defendant who had seven or more criminal history points would receive only *one* additional criminal history point for committing an offense while under sentence. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821—applicable to certain "zero point offenders" added a section to the Guidelines which reduces a defendant's offense level by two if "the defendant meets *all* of the following criteria:

> (1) the defendant did not receive any criminal history points . . . ;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*See* U.S.S.G. § 41C.1(a) (emphasis added).

On August 24, 2023, the Sentencing Commission approved retroactive application of Amendment 821 to currently incarcerated individuals. *2023 Amendments in Brief: Retroactivity*, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/

amendments-inbrief/AIB_821R.pdf (last visited Apr. 8, 2024) [https://perma.cc/SA8N-ZFG7]. However, to give courts, probation officers, and the Bureau of Prisons time to process forthcoming motions filed by current inmates who may be entitled to a sentence reduction under Amendment 821, the Sentencing Commission also decided that retroactive applications of Amendment 821 would not take effect until February 1, 2024. *See id.*

In response, the Eastern District of Michigan Federal Probation Department and the Eastern District of Michigan Federal Community Defender's Office created a protocol for reviewing sentence-reduction eligibility under 18 U.S.C § 3582(c) and Amendment 821. The protocol provides that the Probation Department, United States Attorney's Office, and the Federal Community Defender's Office will screen all current inmates for reduction eligibility and will jointly review all pro se motions for sentence reduction filed by inmates. The Probation Department first completes and files a U.S.S.G §1B1.10 report and memorandum explaining whether the specific inmate is eligible for sentence reduction under Amendment 821 (a "Reduction Report"). Once the Reduction Report is filed, Counsel for the Government and Defense Counsel have three weeks to file any objections.

## II.

After a ten-day trial in January and February 2006, a jury convicted Defendant Mukunda Mukherjee, M.D., on 44 counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). ECF No. 80. Defendant was sentenced to life in prison.[1] ECF No. 122 at PageID.1579. Notably, Defendant had no criminal history when sentenced in 2006 and, accordingly, had zero

---

[1] Defendant was specifically sentenced to "20 years on each of Counts 3, 9, 11, 19, 24, 25, 30, 35, 38, 41, 45, and 50; 5 years on each of Counts 13, 17, 20, 22, 28, 31, 33, 37, 39, 42, 44, 46, 48, and 53; and 1 year on each of Counts 4, 17, 12, 15, 18, 21, 29, 32, 34, 36, 40, 43, 47, 49, 52, and 54, all counts to be served consecutive to all others; all intended to accomplish a life sentence." ECF No. 122 at PageID.1579.

criminal history points and fell within Criminal History Category I. PSR ¶ 39.[2]

In March 2024, eighteen years after being sentenced, Defendant—while incarcerated at USP Terre Haute in Wisconsin—filed a motion seeking sentence reduction under *Part B* of Amendment 821, alleging he is entitled to a two-point reduction since he had zero criminal history points when sentenced. ECF No. 268. Federal Defender Benton C. Martin appeared on Defendant's behalf to represent Defendant on his Amendment 821 Motion only. ECF No. 269.

On March 22, 2024, the Probation Department filed its Reduction Report and concluded Defendant was *not eligible* for sentence reduction under Part B because, although he had zero criminal history points when sentenced, he received an adjustment under U.S.S.G. §3B1.1 for his aggravated role in the offense. ECF No. 271 at PageID.4717–18.

Specifically, the Probation Department concluded Defendant was not eligible for sentence reduction under Part B because, although he had zero criminal history points when sentenced, he received an adjustment under U.S.S.G § 3B1.1 for his aggravated role in the offense—such that he does not satisfy "all" criteria necessary to receive a reduction under the newly-promulgated U.S.S.G. § 41C.1(a). ECF No. 271 at PageID.4718; *see also* PSR ¶ 30 (adding four points to Defendant's offense level because Defendant "was the organizer or leader of a criminal activity involving five or more participants").

Defendant Responded to Probation's Reduction Report on April 6, 2024. ECF No. 272. Defendant "acknowledges that [he] received an 'aggravating role' enhancement, and that courts have ruled such an enhancement precludes a reduction under the 'zero point offender' provision" but nevertheless "seeks to preserve the issue for potential further review." ECF No. 272 at

---

[2] Defendant's 2006 Presentence Investigation Report (PSR) is not on the public record but is on file with this Court.

PageID.4719. Specifically, Defendant argues that, to be ineligible for reduction under § 4C1.1(a)(1), a Defendant must *both* (1) have received § 3B1.1 aggravating role adjustment *and* (2) engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. *Id.* at PageID.4721. Thus, Defendant's argument goes, he *is* eligible for a reduction because, although he received an aggravating role enhancement, he did *not* engage in a continuing criminal enterprise. *Id.* But, as Defendant himself recognizes, binding precedent forecloses his argument.

*United States v. Abdallah*, No. 19-20821, 2024 WL 1758227 (E.D. Mich. Apr. 23, 2024) provides the most persuasive analogy. In *Abdallah*, the defendant filed a motion for sentence reduction under Part B of Amendment 821 because he, like Defendant here, had zero criminal history points when sentenced. *Id.* at *1. But, like here, the *Abdallah* defendant received an enhancement under § 3B1.1 for his aggravated role in the instant offense. *Id.* So, like here, the Probation Department concluded the *Abdallah* defendant was ineligible for reduction under Part B, and the *Abdallah* defendant objected, arguing he would only be ineligible if he received an aggravating role enhancement *and* engaged in a continuing enterprise. *Id.* But this Court expressly rejected that argument and held that the presence of "*any* of the listed criteria" within § 41C1(a), including both criteria within (a)(1), "precludes relief under [Part 2] of Amendment 821." *Id.* at *3; *see also United States v. Mahee*, No. 121CR00494SDGJSA1, 2023 WL 8452433, at *2 (N.D. Ga. Dec. 6, 2023); *United States v. Owusu*, No. 3:18CR77-TKW, 2023 WL 9328368, at *1 (N.D. Fla. Nov. 21, 2023) (noting "as a matter of logic, if a zero-point offender is only eligible for a 2-level decrease when both A and B are false, then it necessarily follows that he is not eligible if either A or B is true").

Because Defendant indisputably received a sentencing enhancement under § 3B1.1 for his aggravated role in distributing controlled substances, the Probation Department correctly

- 6 -

concluded that he did not satisfy "all" criteria necessary to warrant a two-point reduction under Part B of Amendment 821 and the newly promulgated § 4C1.1(a). Thus, Defendant's Motion for Sentence Reduction will be denied.

### III.

It is **ORDERED** that Defendant's Motion for Sentence Reduction, ECF No. 268, is **DENIED**.

Dated: June 14, 2024                                        s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge